UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VISHAL THANVANTRI VASUDEVAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE HOME ADVANTAGE et al., <br><br> Defendants. | CASE NO. 2:24-cv-00235-LK <br><br> ORDER GRANTING STIPULATED MOTION TO REMAND |

This matter comes before the Court on the parties' stipulated motion to remand this removed action to state court, Dkt. No. 8, and the Court's independent duty to determine whether subject matter jurisdiction exists, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

On February 21, 2024, Defendants Homesite Insurance Company, Joseph Dijulio, and Jane Doe Dijulio removed this action from King County Superior Court. Dkt. No. 1.[1] Because

---

[1] It appears that Defendant Progressive Home Advantage consented to removal. It is represented by the same attorneys, and it is listed as a "removing Defendant" in the Notice of Removal, although the Notice does not formally list it among the other Defendants as a removing party. Dkt. No. 1 at 1, 3, 7.

ORDER GRANTING STIPULATED MOTION TO REMAND - 1

Defendants are the parties asserting federal jurisdiction in this matter, they have the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). In their Notice of Removal, they assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of Washington, "Defendant Homesite is a citizen of the State of Wisconsin," and "Defendant Progressive is a citizen of the State of Ohio." Dkt. No. 1 at 5. Defendants also state that Defendants Joseph Dijulio and Jane Doe Dijulio—who are citizens of Washington—were "fraudulent[ly] joined[d] to prevent removal of the lawsuit to Federal Court." Dkt. No. 1 at 2.

Defendants have failed to carry their burden of establishing diversity jurisdiction. First, conclusory statements are insufficient to establish diversity. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]"); *see also, e.g.*, *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint "ma[d]e the conclusory allegation that '[defendant] is a citizen of the state of Georgia.'"); *Park v. Webloyalty.com, Inc.*, No. 12-cv-1380–LAB(JMA), 2013 WL 4711159, at *1 (S.D. Cal. Aug. 30, 2013) ("Normally, the party invoking the Court's jurisdiction is required to plead the citizenship of parties, sufficiently to show that diversity exists. . . . Merely pleading the conclusion that parties are citizens of different states is generally insufficient."). Second, it appears that Defendants have been operating on a misperception that a corporation's citizenship is defined only by its state of incorporation. Dkt. No. 1 at 2 (asserting only Homesite's and Progressive's states of incorporation); Dkt. No. 6 at 2 (corporate disclosure statement indicating only Homesite's state of incorporation); *see also Evans v. Vengroff Williams, Inc.*, No. 2:23-CV-01393-LK, 2023 WL

8520738, at *1 n.2 (W.D. Wash. Dec. 8, 2023).[2] Third, the complaint does not establish diversity on its face, as it does not provide complete information regarding the parties' citizenship. *See generally* Dkt. No. 1-2. And fourth, the parties' stipulated motion indicates that Defendants will not remedy the above-listed deficiencies. Dkt. No. 8 at 2.

Because the Court lacks subject matter jurisdiction over this case, the Court grants the parties' stipulated motion, Dkt. No. 8, and remands the case accordingly.

The Court ORDERS the following:

1. The above-captioned case is REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court of King County; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 18th day of March, 2024.

Lauren King
United States District Judge

---

[2] A corporation's citizenship for purposes of diversity jurisdiction is "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

ORDER GRANTING STIPULATED MOTION TO REMAND - 3